# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-2699-GW-RAOx | Date | June 15, 2020 |
|---|---|---|---|
| Title | *Alexandra E. Frank v. FCA US LLC et al* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Terri A. Hourigan | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Anh X. Nguyen | Richard L. Stuhlbarg |

**PROCEEDINGS:** PLAINTIFF'S MOTION TO REMAND [12]

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. For reasons stated on the record, Plaintiff's Motion is TAKEN UNDER SUBMISSION. Court to issue its ruling.

: 15

Initials of Preparer  JG

*Alexandra E. Frank v. FCA US LLC et al.*; Case No. 2:20-cv-02699-GW-(RAOx)
Tentative Ruling on Motion to Remand

I.     **Background**

Plaintiff Alexandra E. Frank sues Defendants FCA US, LLC ("FCA"); Lithia Chrysler Jeep Dodge Ram of Concord ("Lithia"); and Does 1-10 for: (1) violation of California Civil Code § 1793.2, subdivision (D); (2) violation of California Civil Code § 1793.2, subdivision (B); (3) California Civil Code § 1793.2, subdivision (A)(3); (4) breach of express written warranty, in violation of California Civil Code §§ 1791.2, subdivision (a), and 1794; (5) breach of the implied warranty of merchantability, in violation of California Civil Code §§ 1791.1, 1794, and 1795.5; (6) fraudulent inducement − concealment; and (7) negligent repair. *See* Complaint, Docket No. 1-2.

In general, Plaintiff claims that she purchased a 2014 Jeep Cherokee (the "Vehicle"), which Defendant manufactured. *Id.* ¶ 8. Plaintiff received an express written warranty with the purchase, including a 3-year/36,000 mile bumper-to-bumper warranty and a 5-year/100,000 mile powertrain warranty, which covers the engine and transmission. *Id.* ¶ 9. Defendant undertook to maintain the Vehicle or to provide compensation if its performance failed. *Id.* The warranty provided that if the Vehicle developed a defect during the warranty period, Defendant's representative would repair the Vehicle. *Id.* However, when the Vehicle developed defects during the warranty period, including problems with its electronic control modules, FCA and its authorized dealership Lithia failed to repair the Vehicle to conform to the express warranties after a reasonable number of opportunities. *Id.* ¶¶ 10, 14-22, 124, 130, 138, 166.

Plaintiff brought suit in the County of Los Angeles Superior Court, and Defendant FCA removed to this Court. *See* Notice of Removal, Docket No. 1. Plaintiff filed a motion to Remand. *See* Motion to Remand ("Motion"), Docket No. 12. Defendants oppose. *See* Opposition to Motion to Remand ("Opp'n"), Docket No. 13. Plaintiff replies. *See* Reply in Support of Motion to Remand ("Reply"), Docket No. 16.

II.    **Legal Standard**

Federal courts possess limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congressional statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts operate under the presumption

1

that they do not have jurisdiction over state causes of action, and the party claiming federal jurisdiction must prove otherwise. *See id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Additionally, "[t]he defendant bears the burden of establishing that removal is proper" and removal statutes are "strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("[J]urisdiction must be rejected if there is any doubt as to the right of removal.").

Subject-matter jurisdiction exists over claims that: (1) are between citizens of different states, and (2) have an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). When the amount in controversy is not clear from the face of a state court complaint, the removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The preponderance of the evidence standard requires the Defendant to establish that it is "more likely than not" that the amount in controversy exceeds the jurisdictional amount. *Id.*

**III.    Discussion**

First, Plaintiff argues that Defendant has not met its burden of showing that the amount in controversy exceeds $75,000. As described above, Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy requirement is satisfied. *See Guglielmino*, 506 F.3d at 699. Here, Plaintiff's Complaint alleges that she suffered damages "in an amount that is not less than $25,001.00." Complaint ¶ 11. Plaintiff seeks a civil penalty of two times her actual damages. *See id.* ¶¶ 128, 133, 140, Prayer (e). Plaintiff now asserts that the $25,001 encompasses Plaintiff's total damages, including both actual damages and civil penalties. *See* Motion at 5. Defendant's Notice of Removal treats the $25,001 as Plaintiff's actual damages only. *See* Notice of Removal ("NOR"), Docket No. 1, ¶ 21. Because the Song-Beverly Act, Cal. Civ. Code § 1794(c), entitles a plaintiff to recover civil penalties of up to two times the amount of actual damages for willful violations of the Act, Defendant concludes that the amount in controversy is $75,003. *See* NOR ¶ 21; Opp'n at 10-14.

Several courts in this district have been persuaded by the argument that Plaintiff raises herein. For example, in *Mullin v. FCA US, LLC*, No. CV 20-2061-RSWL-PJW, 2020 U.S. Dist. LEXIS 86026, at *6-7 (C.D. Cal. May 14, 2020), the district court stated:

2

> Defendants, relying on Plaintiff's assertion that he "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00," claim that Plaintiff seeks more than $25,001 in actual damages. Defendants further note that Plaintiff expressly seeks a civil penalty equal to two times Plaintiff's actual damages. Accordingly, Defendants argue, "the amount in controversy exceeds $75,000.
> However, the Court finds that the allegations in Plaintiff's Complaint do not make clear whether he is seeking more than $25,001.00 in actual damages or total damages; the Complaint simply states, "Plaintiff suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00." Defendants' "assertion that these damages refer only to actual damages is only an assumption." *Edwards v. Ford Motor Co.*, No. CV 16-05852-BRO-PLAX, 2016 U.S. Dist. LEXIS 153618, 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016). Because removal jurisdiction is strictly construed against removal, the Court is not persuaded by Defendants' reading of the Complaint.

*See also Edwards v. Ford Motor Company* (C.D. Cal., Nov. 4, 2016, No. CV 16-05852-BRO-PLAX) 2016 WL 6583585, at *4 ("Plaintiff's allegations in his original Complaint do not make clear whether he is seeking more than $25,000 in actual damages, or total damages; it states simply "Plaintiff suffered damages in a sum to be proven at trial" of at least $25,000. Defendant's assertion that these damages refer only to actual damages is only an assumption. But, because removal jurisdiction is strictly construed against removal, the Court is not persuaded by Defendant's reading of the Complaint." (internal citations omitted)).

In contrast, other courts in this district have reached the opposite conclusion. In *Headley v. FCA US, LLC*, No. SACV 20-00197 JVS(DFMx), 2020 U.S. Dist. LEXIS 68002, at *5-6 (C.D. Cal. Apr. 17, 2020), the court stated:

> While the Headleys claim in their pleadings that the $25,001.00 sum includes civil money penalties, nothing in the complaint suggests that[,] and the fact that they do not stipulate that their damages are less than $75,000 makes this suspect. Additionally, the word "damages" is distinct from penalties. *See Washington Cty. Unified Sewerage Agency v. First State Ins. Co.*, 81 F.3d 171 (9th Cir. 1996). Whereas damages are designed to compensate an injured party, penalties are designed to deter undesirable conduct. *Id*. Thus, on the face of the complaint, the Headleys['] contention in the complaint that "damages" are not less than $25,001.00 [does] not include civil money penalties.

*See also Coronel v. Ford Motor Co.*, No. CV 19-09841-DSF-JEM, 2020 WL 550690, at *6 (C.D. Cal. Feb. 4, 2020) ("Plaintiff claims that the $25,001 amount includes both actual damages and civil penalties. Nothing in the Complaint supports that interpretation. Moreover, even if the Complaint could be so interpreted, this amount does not include attorney's fees, which must be included in determining the amount in controversy.").

3

The Court notes that Plaintiff has failed to stipulate that her total amount sought − including actual damages, civil penalties, attorneys' fees, incidental damages, interest, and any other relief − does not exceed $75,000.  The absence of such a stipulation makes Plaintiff's arguments less persuasive.  At the hearing, the Court would ask whether Plaintiff would be willing to stipulate that she will not be claiming more than $75,000 inclusive of damages, penalties and attorney fees.  If so, then the Court would be inclined to find that the amount in controversy requirement is not met, and the Court would remand the case to state court.[1]

---

[1] The Court recognizes that the Motion also raises the issue of whether Lithia is a sham defendant, as FCA contends. The Court will address this issue once it determines whether the amount in controversy requirement is satisfied.